## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In Re: ENFORCEMENT OF A RESTRAINING ORDER BY THE HIGH COURT, THE COURT OF FIRST INSTANCE, HONG KONG SPECIAL ADMINISTRATIVE REGION, THE PEOPLE'S REPUBLIC OF CHINA, TO FREEZE AND RESTRAIN ANY PROPERTY OWNED OR CONTROLLED BY LUAN GANG AND LUAN HONG IN THE UNITED STATES, INCLUDING BUT NOT LIMITED TO:** | : : : : : : : : : : | |
| **ANY AND ALL FUNDS AND ASSETS IN ACCOUNT NUMBERS 4121836, 7085028, AND 9254225 IN THE NAME OF LUAN GANG HELD AT METRO BANK N.A., HOUSTON, TEXAS;** | : : : : : | |
| **ANY AND ALL FUNDS AND ASSETS IN ACCOUNT NUMBER 1162726 IN THE NAME OF HOUSTON OFFTECH INVESTMENT LLC AT METRO BANK N.A., HOUSTON, TEXAS;** | : : : : : : | Miscellaneous Case No. 11-mc-00208 (GK) |
| **UP TO $300,000 IN FUNDS IN ACCOUNT NUMBER 1162940 IN THE NAME OF AAA JAPANESE IMPORTS INC. AT METRO BANK, N.A., HOUSTON, TEXAS;** | : : : : : | |
| **ANY AND ALL FUNDS AND ASSETS IN ACCOUNT NUMBER 0053381455 IN THE NAME OF HONG CONROY AND LUAN GANG HELD AT AMEGY BANK N.A., HOUSTON, TEXAS;** | : : : : : : | |
| **ANY AND ALL FUNDS AND ASSETS IN ACCOUNT NUMBER 0003630633 IN THE NAME OF HOUSTON PETROTECH LIMITED HELD AT AMEGY BANK N.A., HOUSTON, TEXAS;** | : : : : : : | |
| **ANY AND ALL FUNDS AND ASSETS IN ACCOUNT NUMBER 0052731797 IN THE NAME OF HONG LUAN CONROY HELD AT AMEGY BANK N.A., HOUSTON, TEXAS;** | : : : : : : : | |

| | |
|---|---|
| ANY OR ALL INTEREST IN REAL PROPERTY | : |
| LOCATED AT 306 SANDERLING LANE, | : |
| SUGARLAND, TEXAS | : |

## MEMORANDUM ORDER

On April 19, 2011, the Court entered a pre-judgment restraining order restraining "all assets owned or controlled by [Gang Luan] in the United States including, but not limited to, the captioned assets" which are all located in the Houston, Texas metropolitan area. Order, Apr. 9, 2011, at 2 [Dkt. No. 2]. Gang Luan has now filed a Motion to Dissolve the Restraining Order [Dkt. No. 9]. Upon consideration of the Motion, the Government's Opposition [Dkt. No. 11], and the Reply [Dkt. No. 13], the Court concludes that the Motion should be **denied**.

The Order entered on April 19, 2011, was based on the April 15, 2011, *ex parte* application by the Government [Dkt. Nos. 1, 3] to restrain assets pursuant to 28 U.S.C. § 2467. The foreign judgment the Government sought to enforce is a restraining order issued by the Hong Kong High Court on March 15, 2011, seeking to restrain $23.7 million that was allegedly laundered in the United States and that allegedly constituted the proceeds of a suspected criminal scheme involving Luan in Hong Kong and China.

The Government filed its request for a restraining order based upon 28 U.S.C. § 2467. Section 2467 provides authority to the Government to restrain assets and enforce foreign forfeiture judgments on behalf of other jurisdictions that are issued as a result of either criminal or civil forfeiture proceedings initiated pursuant to the laws of the jurisdiction requesting the restraint of assets. In particular, 28 U.S.C. § 2467(d)(3)(A)(i) states: "To preserve the availability of property subject to civil or criminal forfeiture under foreign law, the Government may apply for, and the court

may issue, a restraining order at any time before or after the initiation of forfeiture proceedings by a foreign nation." On December 22, 2010, Congress amended § 2467(d)(3) to provide that references to the phrase "civil forfeiture" or the "filing of a complaint" in 18 U.S.C. § 983(j)(1)(A), "shall be deemed to refer to the applicable foreign criminal or forfeiture proceedings." 28 U.S.C. § 2467(d)(3)(A)(ii)(II)(aa). In other words, § 2467, as amended, now clearly indicates that once "foreign criminal or forfeiture proceedings" are pending, no pre-restraint hearing is required. Therefore, a United States restraining order can be issued, as in this case, against assets located within the jurisdiction of the United States based upon the foreign court order.

Neither § 2467 nor § 938(j) requires that the foreign document supporting the foreign government's request comply with the pleading requirements set forth in Supplemental Rule for Certain Admiralty and Maritime Claims G(2), which governs the contents of civil forfeiture complaints in a United States domestic civil forfeiture action. In other words, the statutes do not require that the foreign country application follow any procedures or pleading requirements applicable to United States civil forfeiture filings as mandated under United States law.

Luan argues that § 983(j)(1)(A) does not apply because no civil forfeiture complaint was ever filed in Hong Kong or, in the alternative, that the Hong Kong High Court's restraining order was not issued "pursuant to the functional equivalent of a civil forfeiture complaint." Mot. at 6-10. Luan then argues that the proper section to apply is § 983(j)(1)(B), which limits restraining orders it authorizes to 90 days. However, § 983(j)(1)(B) applies at the pre-filing stage of "foreign criminal or forfeiture proceedings" where there is no proceeding of any type yet pending in the foreign country in which to challenge the restraint or forfeitable assets. Since that is not the case in Luan's situation, his argument to apply § 983(j)(1)(B) must fail.

The Court emphasizes that this Miscellaneous case is not a United States domestic forfeiture action. Rather, it is an ancillary enforcement proceeding filed to protect the jurisdiction of the Hong Kong High Court over the assets listed in the caption of this case by restraining and preserving those assets located in the United States until the Hong Kong High Court proceedings are concluded. Moreover, Luan may challenge the Hong Kong High Court's restraining order where the criminal action is currently pending. He was provided with notice of the March 15, 2011, restraining order issued by the Hong Kong High Court which stated that "anyone affect[ed] by this order may apply to the Court to vary or discharge this Order." Restraint Order, Mar. 15, 2011, at ¶ 11 [Dkt. 2-1] Neither he nor his counsel appeared at the March 15, 2011, hearing at which the Hong Kong High Court extended its restraining order without any objection from co-defendant Hong Luan, who was present.

Consequently, the order of the Hong Kong High Court is a valid post-indictment and pre-trial restraining order, pursuant to the law of China, against the two criminal defendants, namely, Gang Luan and Hong Luan. In the United States, once a post-indictment restraining order related to a United States forfeiture proceeding is issued, it remains in effect until the conclusion of the related criminal trial. See United States v. Kirschenbaum, 156 F.3d 784, 791-93 (7th Cir. 1998).

For these reasons, it is this 4th day of April, 2012, hereby

**ORDERED**, that the Motion to Dissolve the Restraining Order is **denied**.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**